IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO JUSTICE, | : | |
| Plaintiff | : | Civil Action 2:10-cv-318 |
| v. | : | Judge Smith |
| CHRIS A. MARTIN, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

This matter is before the Court pursuant to Plaintiff's objections to the Magistrate Judge's May 3, 2010 Report and Recommendation (Doc. 7) that this matter be dismissed for failure to comply with the April 19, 2010 Deficiency Order that he either pay the $350 filing fee or submit an application to proceed *in forma pauperis* supported by a prison cashier's statement. On objection, Plaintiff makes the same claim that he did in his April 28, 2010 *in forma pauperis* application: that he is not a prisoner. In addition, he objects to the Report and Recommendation on grounds that he did not consent to the jurisdiction of the Magistrate Judge.

Plaintiff's arguments that he is not a prisoner are spurious. 28 U.S.C. §1915(a)(2) requires that a prisoner seeking to bring a civil action *in forma pauperis* must submit a cashier's statement of inmate funds. 28 U.S.C. §1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of,

convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Plaintiff claims, as the substance of his action, that he was imprisoned without due process of law. He alleges that "Justice has never been lawfully accused of any criminal act by law." (Doc. 2 at 3.) The fact that Plaintiff challenges the *legitimacy* of his imprisonment does not affect, for purposes of 28 U.S.C. §1915(h), the fact that he *is* presently incarcerated and serving a sentence in a penal institution. Regardless of his arguments that he should not be there, Plaintiff is, according to his complaint, prisoner 618-100 at the Chillicothe Correctional Institution. If he should wish to proceed *in forma pauperis*, he is required to follow the requirements of a prisoner application.

Plaintiff is correct that he has not consented to the final adjudication of this case by a United States Magistrate Judge. However, pursuant to 28 U.S.C. §1915(e)(2), the Court subjects all cases where a plaintiff wishes to proceed *in forma pauperis* to an initial screening. Furthermore, the federal courts have long been granted the power to refer matters, such as initial screenings, to magistrate judges for the development of proposed findings of fact and recommendations for disposition. 28 U.S.C. §636(b)(1)(B). In this case, the Magistrate Judge has recommended that this action be dismissed for failure to either pay the filing fee or properly move to proceed *in forma pauperis*, and that recommendation (Doc. 7) is **ADOPTED**. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) is **DENIED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT DISMISSING**

this case for failure to pay the filing fee.

s/   George C. Smith<br>Senior United States District Judge